UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

STARDUST MEMORIALS, LLC,
a Michigan limited liability company,

    Plaintiff,

Case No.: 16-201

v.

JEFFREY REBERRY,
a resident of the State of Colorado,

and

HUGEDOMAINS.COM, LLC,
a Colorado limited liability company,

TURNCOMMERCE, INC.,
a Colorado corporation,

    Defendants.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

FOR ITS COMPLAINT in this matter, Plaintiff, Stardust Memorials, LLC, by and through its attorneys, Revision Legal, PLLC, states as follows:

### I.   INTRODUCTION

1. This is an action for cybersquatting and piercing the corporate veil arising out of the unlawful registration, use, and trafficking in of a domain name containing Plaintiff's valuable trademark with a bad faith intent to profit.

## II. PARTIES, JURISDICTION, AND VENUE

2. Plaintiff Stardust Memorials, LLC ("Stardust Memorials") is a Michigan limited liability company organized under the laws of the State of Michigan with its principal place of business in Traverse City, Michigan.

3. Defendant HugeDomains.com, LLC ("HugeDomains") is a limited liability company organized under the laws of the State of Colorado with its principal place of business in Denver, Colorado.

4. Defendant TurnCommerce, Inc. ("TurnCommerce") is a corporation organized under the laws of the State of Colorado with its principal place of business in Denver, Colorado.

5. Defendant Jeffrey Reberry ("Reberry") is an individual resident of the State of Colorado who, upon information and belief, is domiciled in Denver, Colorado.

6. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 and 1338 because this civil action arises under the Lanham Act, specifically, 15 U.S.C. § 1125(d), and this Court has pendant, ancillary, and/or supplemental jurisdiction pursuant to 28 U.S.C. § 1367 because the claims are so closely related that they form part of the same case or controversy.

7. This Court has personal jurisdiction over HugeDomains, TurnCommerce, and Reberry (collectively Defendants) because Defendants have purposely availed themselves of the privilege of acting in Michigan, Defendants committed intentionally tortious actions expressly aimed at a Michigan limited liability company, which has caused harm to Plaintiff in Michigan and said harm was known by Defendants to be likely to be suffered by Plaintiff in Michigan, Defendants' actions were expressly

aimed at and in the State of Michigan, and Defendants' acts and/or consequences have a substantial enough connection with Michigan to make the exercise of jurisdiction reasonable. The exercise of jurisdiction over Defendants does not offend traditional notions of fair play and substantial justice.

8. Specifically, Defendants HugeDomains.com, TurnCommerce, and Reberry have specifically targeted Michigan residents in their marketing efforts and, upon information and believe, have sold numerous domain names to residents of the State of Michigan. See **Exhibit B**, Printout of Michigan-related Domain Names.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the judicial district, because the injured party is a resident of this State, and because the exercise of jurisdiction by the Court over Defendants is proper.

### III. PLAINTIFF'S MARKS

10. Plaintiff is Stardust Memorials, a limited liability company organized under the laws of the State of Michigan with its principal place of business in Traverse City, Michigan.

11. Plaintiff Stardust Memorials is an online retailer and wholesaler of cremation urns, cremation keepsakes, cremation jewelry, flag cases, memorial products, pet cremation urns, and pet memorial markers.

12. In approximately March of 2011, Stardust Memorials began selling its memorial-related goods through its principal website located at both http://www.stardustmemorials.com and http://www.stardust-memorials.com.

13. From March of 2011 to the present, Stardust Memorials has consistently, continuously, and exclusively used its distinctive STARDUST MEMORIALS mark in association with its sale and offering for sale of cremation urns, cremation keepsakes, cremation jewelry, flag cases, memorial products, pet cremation urns, and pet memorial markers.

14. As a result of Plaintiff's longstanding, exclusive, and continuous use of the STARDUST MEMORIALS mark in commerce, Plaintiff has also acquired common law trademark rights in and to the STARDUST MEMORIALS mark in association with the sale and offering for sale of cremation urns, cremation keepsakes, cremation jewelry, flag cases, memorial products, pet cremation urns, and pet memorial markers.

15. On March 20, 2013, Plaintiff filed for registration of its distinctive STARDUST MEMORIALS mark with the United States Patent and Trademark Office under Serial No. 85880855, in International Class 035, and for use in association with the sale and offering for sale of cremation urns, cremation keepsakes, cremation jewelry, flag cases, memorial products, pet cremation urns, and pet memorial markers.

16. The United States Patent and Trademark Office granted Plaintiff's application for registration on December 31, 2013 under Registration No. 4,458,047. See **Exhibit A**, Trademark Registration.

17. As a result of its registered and common law trademark rights (collectively "STARDUST MEMORIALS Mark"), Plaintiff has established substantial consumer goodwill in its STARDUST MEMORIALS brand.

## DEFENDANTS' MISCONDUCT

18. Defendant HugeDomains.com is a limited liability company organized under the laws of the State of Colorado with its principal place of business in Denver, Colorado.

19. Defendant HugeDomains.com describes itself as a "premium domain reseller site that strives to bring you brandable domain names."

20. Defendant TurnCommerce is a corporation organized under the laws of the State of Colorado with its principal place of business in Denver, Colorado.

21. Defendant TurnCommerce describes itself as the "parent company of a wide variety of Web properties" including HugeDomains.

22. Defendant Jeffrey Reberry is an individual resident of the State of Colorado and the co-founder of both Defendant TurnCommerce and Defendant HugeDomains.

23. Defendants TurnCommerce, HugeDomains.com, and Reberry all share the common address of 2635 Walnut Street, Denver, Colorado 80205.

24. From March of 2011 to February 1, 2013, Stardust Memorials consistently, continuously, and exclusively used its distinctive STARDUST MEMORIALS mark in association with its sale and offering for sale of cremation urns, cremation keepsakes, cremation jewelry, flag cases, memorial products, pet cremation urns, and pet memorial markers.

25. On approximately February 2, 2013, Stardust Memorials inadvertently allowed its registration of the http://www.stardustmemorials.com domain name, which was registered through the registrar GoDaddy, to lapse.

26. Subsequent to this lapse in registration, and on approximately March 15, 2013, Defendant Reberry registered the http://www.stardustmemorials.com domain name

on behalf of Defendant TurnCommerce and listed Defendant TurnCommerce as the registrant of the domain name.

27. Defendant Reberry registered the http://www.stardustmemorials.com domain name with actual or constructive knowledge of Plaintiff's trademark rights in and to the STARDUST MEMORIALS mark.

28. Defendant Reberry registered the http://www.stardustmemorials.com domain name with actual or constructive knowledge of Plaintiff's prior use of that domain name for its e-commerce website.

29. On approximately July 22, 2013, Defendant Reberry modified the WHOIS record associated with the http://www.stardustmemorials.com domain name to list Defendant Reberry, and remove Defendant TurnCommerce, as the registrant of the domain name.

30. On approximately September 22, 2013, Defendant Reberry began offering the http://www.stardustmemorials.com domain name for sale for $1,695.

31. Between September 22, 2013 and approximately November 9, 2015, Defendant Reberry continued to offer the http://www.stardustmemorials.com domain name for sale through the HugeDomains.com website.

32. On approximately November 9, 2015, however, Defendant Reberry began using the http://www.stardustmemorials.com domain name to not only to offer to sell that domain name, but also to display links to Plaintiff's competitors in the cremation memorials and urn industry.

33. Upon information and belief, and as a result of the publicity and success of Plaintiff's urn and memorials business, Defendants raised the asking price of the

http://www.stardustmemorials.com domain name in early 2016 from $1,695 to $19,495.

34. On February 16, 2016, Plaintiff sent Defendants a letter that put them on specific notice of Plaintiff's rights under the Anticybersquatting Consumer Protection Act and that demanded the return of the http://www.stardustmemorials.com domain name.

35. Subsequent to their receipt of Plaintiff's letter, Defendants reduced the sale price of the http://www.stardustmemorials.com domain name from $19,495 to $1,395.

36. Additionally, subsequent to their receipt of Plaintiff's letter, Defendants "featured" the http://www.stardustmemorials.com domain name on the front page of Defendant HugeDomains.com's website in order to spur a quick sale of that domain name.

37. Upon information and belief, Defendants are in the business of registering the domain names of others when they inadvertently expire and then they sell them back to unwitting business owners for exorbitant prices that are based on the popularity of the business owner's business and their ability to pay.

38. Defendants' unlawful business model is evidenced by numerous complaints posted on the internet by individuals and businesses that are similarly situated with Plaintiff. See **Exhibit C**, Internet Complaints.

39. Defendants are known cybersquatters that have been named as a defendant in several cases under the Uniform Domain Name Dispute Resolution Policy and the Anticybersquatting Consumer Protection Act. See, for example, *Majid Al Futtaim Properties, LLC v. Domain Admin / HugeDomains.com*, Case No. D2015-1151 (WIPO Oct. 2, 2015); *Chloe S.A.S. v. Domain Admin / Huge Domains.com*, Case

No. D2014-1467 (WIPO Nov. 3, 2014); *Dell, Inc. v. HugeDomains.com*, FA 1106074 (Nat. Arb. Forum Dec. 14, 2007).

## COUNT 1
**Violation of Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)**

40. Plaintiff incorporates paragraphs 1-39 above as if fully restated herein.

41. Defendant TurnCommerce, HugeDomains.com, and Reberry are the domain name registrants or the domain name registrant's authorized licensee of the http://www.stardustmemorials.com domain name.

42. Defendants registered http://www.stardustmemorials.com domain name without license or authorization from Plaintiff and in violation Plaintiff's common law trademark rights.

43. Defendants reregistered the http://www.stardustmemorials.com domain name without license or authorization from Plaintiff and in violation of Plaintiff's registered trademark rights.

44. Defendants used, and continue to use, the http://www.stardustmemorials.com to divert consumers from Plaintiff's website to Defendants' website for commercial gain and to cause a likelihood of confusion.

45. Defendants have trafficked in the http://www.stardustmemorials.com domain name by offering to sell that domain name back to Plaintiff and to third parties.

46. Defendants have registered, used, and trafficked in the http://www.stardustmemorials.com domain name with prior knowledge of Plaintiff's STARDUST MEMORIALS Mark and with explicit knowledge that their continued use of the STARDUST MEMORIALS mark in the http://www.stardustmemorials.com domain name was infringing.

47. Plaintiff's STARDUST MEMORIALS Mark was distinctive at the time of Defendants' registration, use, and trafficking in the http://www.stardustmemorials.com domain name.

48. Defendants have no legitimate interest in the http://www.stardustmemorials.com domain name.

49. Defendants' actions constitute cybersquatting under § 15 U.S.C. § 1125(d).

50. In light of Defendants' actions, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

51. Plaintiff is also entitled to the transfer of the http://www.stardustmemorials.com domain name to Plaintiff pursuant to 15 U.S.C. § 1125(d)(1)(C).

52. Plaintiff is entitled to the recovery of Defendants' profits, Plaintiff's actual damages, and the costs of this action.

53. Alternatively, at Plaintiff's election, Plaintiff is entitled to recover statutory damages in the amount of $100,000 per domain name pursuant to 15 U.S.C. § 1117.

54. Plaintiff is also entitled to its attorneys' fees consistent with 15 U.S.C. § 1117 because this is an exceptional case.

## COUNT 2
### Piercing the Corporate Veil

55. Plaintiff incorporates paragraphs 1-54 above as if fully restated herein.

56. Defendant HugeDomains is limited liability company organized under the laws of the State of Colorado, which is owned and operated by Defendant Reberry.

57. Defendant TurnCommerce is a corporation organized under the laws of the State of Colorado, which is owned and operated by Defendant Reberry.

58. Defendants HugeDomains and TurnCommerce have misused the corporate form and, through that misuse, have committed fraud and promoted injustice.

59. Defendants HugeDomains and TurnCommerce are undercapitalized and have failed to maintain corporate records.

60. Defendants HugeDomains and TurnCommerce were created to promote illegal activities, including, but not limited to, the above-alleged cybersquatting.

61. Accordingly, the corporate forms of HugeDomains and TurnCommerce should be ignored and Defendant Reberry should be held personally liable for the actions undertaken by those entities.

**WHEREFORE**, Plaintiff requests this honorable Court grant the following relief:

A. That Defendants and all persons acting in concern with them be preliminarily and permanently enjoined from using http://www.stardustmemorials.com domain name, the STARDUST MEMORIALS Mark, or any colorable imitation thereof likely to cause confusion;

B. That Defendants be ordered to transfer the http://www.stardustmemorials.com domain name into Plaintiff's possession;

C. That Plaintiff receive and recover from Defendants all damages sustained;

D. That Plaintiff receive and recover from Defendants statutory damages in the maximum amounts allowable by statute;

E. That Defendants be ordered to pay Plaintiff's reasonable costs, expenses, and attorney fees incurred in prosecuting this action pursuant to 15 U.S.C. § 1116, 15 U.S.C.§ 1117(a), and the terms of the Agreement.

F.  That Plaintiff be awarded pre and post-judgment interest to the maximum extent allowed by law;

G.  That Plaintiff be awarded damages for Plaintiff's monetary loss; and

H.  That Plaintiff be awarded such other and further relief to which is may be justly entitled.

## JURY DEMAND

Plaintiff hereby requests a trial by jury for all eligible counts contained within this Complaint.

Dated: February 24, 2016

By: /s/ John Di Giacomo
John Di Giacomo
Eric Misterovich
*Counsel for Plaintiff*
Revision Legal, PLLC
109 E. Front St.
Suite 309
Traverse City, MI 48684
Phone: (231) 714.0100
Fax: (231) 714.0200
Email: john@revisionlegal.com